J-A21003-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LISA A. KETCHUM AND JEFFREY A. KETCHUM, H/W, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| AppellantS | : : | |
| v. | : : : | |
| GIANT FOOD STORES LLC, | : : : | |
| Appellee | : | No. 379 EDA 2014 |

Appeal from the Judgment Entered December, 17, 2013
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  June Term, 2012 No. 002302

BEFORE:  BOWES, OTT, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED SEPTEMBER 30, 2014**

I join the Majority Memorandum because it accurately sets forth Pennsylvania law.

I write separately to reiterate what I have been asserting for at least two decades - this law is fundamentally unfair to injured customers.  ***Duff v. Wal-Mart Stores, Inc.***, No. GD-01-13235, 2002 WL 34098098 (Allegheny Cty. June 12, 2002) (Strassburger, J.); ***Landis v. Giant Eagle, Inc.***, GD-91–7779, 142 PLJ 263 (1994) (Strassburger, J.), *aff'd* 440 Pa.Super. 658, 655 A.2d 1052 (1994) (unpublished memorandum).

As I noted in ***Duff***:

Where a customer has sustained injuries although neither the customer nor the store has behaved negligently, it would be more fair to hold the store responsible than to place the risk on the consumer.  Accidents such as these are foreseeable risks of conducting this type of business, and commercial businesses are

* Retired Senior Judge assigned to the Superior Court.

in a far better financial position to absorb the cost by spreading the risk among thousands of customers. Between these two innocent parties, fairness should require the store to pay as a cost of operating its business.